UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL SHOPMEN PENSION FUND,<br>1750 New York Avenue, NW<br>Washington, DC 20006<br><br>and<br><br>JOHN KERR,<br>Ohio Valley Steel Company<br>1721 Wetzel Street<br>Post Office Box 911<br>Wheeling, WV 26003<br><br>and<br><br>ANTHONY WALENCIK,<br>International Association of Iron Workers<br>1750 New York Avenue, N.W. Suite 400<br>Washington, D.C. 20006-5301<br><br>and<br><br>JAMES R. KING,<br>3708 46th Avenue, South<br>Minneapolis, MN 55406<br><br>and<br><br>TIMOTHY F. O'CONNELL,<br>The Bilco Company<br>Post Office Box 1203<br>New Haven, CT 06505<br><br>and<br><br>RONALD T. BRUCE,<br>Builders Steel Company<br>Box #12538<br>Kansas City, MO 64116<br><br>Plaintiffs, | Civil Action No. |

|  |  |
|---|---|
| v. | ) |
|  | ) |
| **DELHI STEEL CORPORATION** | ) |
|     6333 Kirkville Road North | ) |
|     Kirkville, NY 13082 | ) |
|  | ) |
| and | ) |
|  | ) |
| **EUGENE KARL KEPPLER** | ) |
|     142 Wolcott Avenue | ) |
|     Syracuse, NY 13207 | ) |
|  | ) |
| Serve: Eugene Karl Keppler | ) |
|     142 Wolcott Avenue | ) |
|     Syracuse, NY 13207 | ) |
|  | ) |
| **Defendants.** | ) |

## COMPLAINT
### (FOR FAILURE TO PAY WITHDRAWAL LIABILITY)

Plaintiffs, by counsel, hereby complain of Defendants as follows:

1. Jurisdiction is conferred upon this Court by Section 301 of the Labor Management Relations Act (29 U.S.C. §185), and Sections 502 and 515 of the Employee Retirement Income Security Act, as amended by the Multiemployer Pension Plan Amendments Act of 1980 (29 U.S.C. §1132 and §1145) and 28 U.S.C. §1331.

2. Plaintiff, National Shopmen Pension Fund (hereinafter the "Fund"), is a joint labor-management pension fund established pursuant to Section 302(c) of the Labor Management Relations Act (29 U.S.C. §186(c)). Its purpose is to provide pension, retirement and related benefits to the eligible employees of employers who contribute to the Fund pursuant to various collective bargaining agreements with affiliated Shopmen's Local Unions of the International Association of Bridge, Structural and Ornamental Iron Workers, AFL-CIO.

Plaintiffs, Walencik, Kerr, King, O'Connell, and Bruce, are Trustees of the Fund. The Fund is administered in the District of Columbia.

## Introduction

3. This claim is brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1001 et seq. Plaintiffs seek a judgment awarding delinquent contributions interest, liquidated damages, attorneys' fees and costs.

4. This Court has jurisdiction over this action under §§ 502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f), and 1451(c). Venue lies in this Court under §§ 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), in that the Fund is administered at its principal place of business in the District of Columbia.

## Parties

5. Plaintiffs are comprised of individual trustees who are "fiduciaries" with respect to the Fund as defined in § 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are collectively the "plan sponsor" within the meaning of § 4001(a)(10)(A) of ERISA, 29 U.S.C. § 1301(a)(10)(A). The Fund is a multiemployer pension plan within the meaning of §§ 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(37) and 1301(a)(3). The Trustees administer the Fund at 1750 New York Ave. NW Washington, D.C. 20006-5301. Pursuant to §§ 502(a)(3), 4221(b)(1) of ERISA, 29 U.S.C. §§ 1132(a)(3), 1401(b)(1), and 1451(a)(1), Plaintiffs are authorized to bring this action on behalf of the Fund, its participants, and beneficiaries.

6. At all relevant times, Defendant Eugene Karl Keppler is the owner and sole shareholder of Delhi Steel Corporation ("Delhi Steel").

7. Defendant Delhi Steel is an employer in an industry affecting commerce within the meaning of Sections 3(5) of the Employee Retirement Income Security Act of 1974 (29 U.S.C. Sec. 1002(5)), and the Labor Management Relations Act of 1947 (29 U.S.C. Sec. 151 et seq.).

8. Delhi Steel is a corporation organized under the laws of Rhode Island, with principal offices located at 6333 Kirkville Road, Kirkville, NY 13082-0128. Delhi Steel and Shopmen's Local Union No. 612 of the International Association of Bridge, Structural and Ornamental Iron Workers (affiliated with AFL-CIO) (hereinafter "Union" or "Local 612") were parties to and were bound by successive collective bargaining agreements requiring contributions to the Fund for employees covered thereby.

## Count I: Claim by Plaintiff National Shopmen Pension Fund against Defendant Delhi Steel for Withdrawal Liability

9. The allegations contained in paragraphs 1 through 8 are incorporated herein by reference.

10. ERISA, §§ 4201-4225, 29 U.S.C. §§ 1381 - 1461 establishes withdrawal liability for multiemployer plans. ERISA, § 4201, 29 U.S.C. § 1381, establishes that if an employer withdraws from a multiemployer plan then the employer is liable to the plan for the amount determined to be withdrawal liability.

11. On or about January 15, 2005, Delhi Steel effected a "complete withdrawal" from the NPF within the meaning of ERISA Section 4203(a), 29.U.S.C. §1383(a).

12. Section 4201 of ERISA and the Fund's Rules and Regulations require that withdrawal liability be assessed by the Fund against contributing employers who withdrew from it after April 28, 1980 (29 U.S.C. § 1381).

13. Withdrawal liability is determined by allocating a portion of the Fund's unfunded vested benefits to the withdrawing employer pursuant to one of the methods authorized by ERISA. The Trustees of the Fund have adopted the "attributable rule" for determining withdrawal liability, which is set forth in ERISA Section 4211(c)(4) (29 U.S.C. §1391(c)(4)).

14. The Fund's actuarial consultants, the Segal Company, calculated the withdrawal liability of Defendant Delhi Steel.

15. By letter to Defendant Delhi Steel, dated May 21, 2007, the Fund Administrator notified Delhi Steel of their withdrawal liability to the Fund in the amount of $753,440.00 and established a schedule for the payment of withdrawal liability, with interest on that payment, as required by ERISA Section 4219 (29 U.S.C. § 1399). That schedule provided that Delhi Steel pay $22,449.00 per month for 36 months resulting in a total payment of $814,213.00, the twenty-year repayment plan limit under ERISA Section 4219 (c)(1)(B). The first payment was due on June 21, 2007.

16. Delhi Steel failed to make their initial payment. By letter dated July 12, 2007, Fund Counsel notified Delhi Steel of its delinquency and advised that if it failed to pay within 60 days that it would be in default. The letter demanded Delhi Steel make their delinquent withdrawal liability payments or, a lump-sum payment in the amount of $753,440.00.

17. Delhi Steel has defaulted on their obligation to pay withdrawal liability to the Fund because it failed to make the payment due in June 2007 and any payment thereafter and has not cured its failure within 60 days after receipt of notification of its delinquency, as required by ERISA Section 4219(c)(2) (29 U.S.C. § 1399(c)(2)).

18. Under ERISA Sections 502, 515 and 4301(b) (29 U.S.C. §§ 1132, 1145 and 1451(b)) and the Rules and Regulations of the Fund, an employer who defaults in making

payments of withdrawal liability is obligated to pay interest at the rate prescribed by Section 6621 of the Internal Revenue Code on the total amount of outstanding liability from date due until date paid, liquidated damages equal to 20% of the withdrawal liability, and attorneys' fees and costs.

Wherefore, Plaintiffs pray for the following relief against Defendant Delhi Steel:

a) judgment in the full amount of withdrawal liability owed the Fund;

b) interest on the delinquent withdrawal liability payments at the rate prescribed by Section 6621 of the Internal Revenue Code;

c) liquidated damages in the amount of 20% of the delinquent amount;

d) an award of attorneys' fees and costs of collection incurred in connection with collection of the delinquent withdrawal liability; and

e) such other and further relief as this Court deems appropriate.

### Count II: Personal Liability of Eugene Karl Keppler

19. The allegations contained in paragraphs 1 through 17 are incorporated herein by reference.

20. In November 2006, Defendant Eugene Karl Keppler ("Keppler") sold the assets of Delhi Steel.

21. Keppler did not use the proceeds of that sale to pay Delhi Steel's withdrawal liability to the Fund.

22. On information and behalf, Keppler holds the proceeds of the sale of Delhi Steel's assets in trust for the benefit of the Fund.

23. Keppler exercised common control over the Defendant Corporation and the assets and funds of that Corporation and used those assets for his personal benefit.

24. Keppler is liable to the Fund for the full amount of any judgment obtained in this action against Delhi Steel to the extent of the proceeds he received from the sale described in paragraph 27, above.

25. Plaintiff notified Keppler of his liability to the Fund for the full amount of withdrawal liability and informed him that if he failed to pay within 60 days that he would be in default. The letter demanded Keppler make Delhi Steel's delinquent withdrawal liability payments or alternately, a lump-sum settlement in the amount of $753,440.00.

26. Keppler failed to make the required payment to the Fund.

## Prayer for Relief

WHEREFORE, the Fund demands the following relief:

Judgment in favor of the Plaintiffs and against Defendants, joint and severely, for:

a) The withdrawal liability in the amount of $753,440.00, interest at the rate prescribed by Section 6621 of the Internal Revenue Code from date due to date paid and liquidated damages equal to the greater of interest or 20 % of the delinquent contributions;

b) Attorneys' fees and costs incurred by the Fund in this action; and,

c) Such other, further or different relief as the Court deems just and equitable.

|  |  |
|---|---|
| Dated: November 20th, 2007 | Respectfully submitted,<br><br>_____<br>Marc Rifkind, Esq. (D.C. Bar No. 416183)<br>SLEVIN & HART, P.C.<br>1625 Massachusetts Avenue, NW, Suite 450<br>Washington, DC  20036<br>202-797-8700  (Telephone)<br>202-234-8231  (Facsimile)<br><br>Counsel for Plaintiffs National Shopmen<br>Pension Fund and its Trustees |

≈JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
National Shopmen Pension Fund and its Trustees

**DEFENDANTS**
Delhi Steel Corporation, et al.

(b) County of Residence of First Listed Plaintiff   **District of Columbia**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Marc H. Rifkind, Esq.; Slevin & Hart, P.C.; 1625 Massachusetts Ave., NW, Ste. 450, Washington, DC, 20036; (202) 797-8700

Attorneys (If Known)

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☒ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land |  / ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  |  |  |
|  |  / ☐ 555 Prison Condition |  |  |  |
|  | ☐ 440 Other Civil Rights |  |  |  |

## V. ORIGIN  (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
ERISA, as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §1001 et.s
Brief description of cause:
Monies Due and Injunctive Relief; Breach of Collective Bargaining Agreement

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE   11/20/2007
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____